**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **COFFEE BREAK PRODUCTIONS LLC d/b/a COFFEEZILLA**<br><br>**Plaintiff**<br><br>**v.**<br><br>**UNITED AGENCIES, INC., LUKE GELINEAU, NEW YORK MARINE AND GENERAL INSURANCE COMPANY, AND COACTION SPECIALTY INSURANCE GROUP**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-6906** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Coffee Break Productions LLC d/b/a Coffeezilla files this Original Complaint against its insurance brokerage United Agencies, Inc., and its broker Luke Gelineau, and its insurance carriers New York Marine and General Insurance Company, and CoAction Specialty Insurance Group to seek the Court's help in recovering damages as a result of Defendants' failure to honor their insurance obligations.

## INTRODUCTION

1. This case is about insurance coverage.

2. Coffeezilla is a media company that focuses on exposing scams, fraudsters and fake gurus. Doing this requires critical reporting on a variety of subjects.

3. People and businesses that are the subject of critical reporting sometimes respond with defamation lawsuits. Defending those lawsuits is expensive, which is why Coffeezilla bought insurance.

4. Coffeezilla hired United Agencies, Inc. ("UA") and Luke Gelineau to procure insurance in case it was sued for defamation as a result of its reporting.

5. United Agencies, Inc. and Luke Gelineau told Coffeezilla that they were experts in entertainment insurance. And they represented to it that they had procured insurance that would cover defamation.

6. Beginning in December 2022, Coffeezilla published reporting about CryptoZoo, a project associated with Logan Paul. In June 2024, Paul sued Coffeezilla for defamation over that reporting. Coffeezilla notified UA and Gelineau, and they made a claim for coverage on Coffeezilla's media and general liability carriers. Coffeezilla's media carrier Lloyd's denied coverage. And its general liability carrier CoAction won't say one way or another. In fact, to this day, CoAction has refused to confirm or deny defense or coverage.

7. In the interim, Gelineau made several incredible admissions. First, was confusion. Gelineau knew Coffeezilla expected coverage for claims just like the Logan Paul claim. So, he was "confused" about why the media coverage was denied. Second, was deflection. Gelineau immediately took self-preservation action by deflecting the error onto his underwriting department stating that he "relies" on them to make sure coverage is accurate. And third is confession. Gelineau admitted that neither he, nor UA, had the ability or capacity to read their clients policies before coverage is bound. If CoAction ultimately denies coverage, then Gelineau's admissions are textbook professional negligence.

8. Coffeezilla paid significant legal fees defending itself in the Logan Paul litigation. These fees would have been covered had Gelineau, UA, or CoAction performed their duties reasonably.

## PARTIES

9. Plaintiff Coffee Break Productions LLC d/b/a Coffeezilla is a Texas limited liability company with its members residing in Bexar County, Texas. Coffeezilla is member managed and the sole member is Stephen Findeisen, who is a citizen of Bexar County, Texas.

10. Defendant United Agencies, Inc., is a corporation incorporated under the laws of California, with its principal place of business in Pasadena, California. United Agencies, Inc. can be served through its registered agent Jefferey Lee Yungfleisch, at 301 E. Colorado Boulevard, Suite 200, Pasadena, CA 91101.

11. Defendant Luke Gelineau is a citizen of Los Angeles County, California. Gelineau can be served at 100 No. 1st Street, Suite 301, Burbank, CA 91502, or wherever he may be found.

12. Defendant New York Marine and General Insurance Company ("New York Marine") is an insurance company organized under the laws of New Jersey, with its principal place of business in New Jersey, that issued commercial general liability insurance policies to Plaintiff Coffee Break Productions, LLC. New York Marine issued these policies through, or as Co/Action Specialty Insurance Group. New York Marine may be served through its registered agent for service of process at Corporation Service Company, 211 E 7th St., Suite 620, Austin, Texas 78701.

13. CoAction Specialty Insurance Group ("CoAction") is an insurance company doing business as New York Marine and General Insurance Company, that issued commercial general liability insurance policies to Plaintiff Coffee Break Productions, LLC. CoAction's principal place of business is located at 412 Mount Kemble Avenue, Suite 300C, Morristown, New Jersey 07960. CoAction may be served through its registered agent for service of process Erin Bagley, 412 Mount Kemble Avenue, Suite 300C, Morristown, New Jersey 07960.

## JURISDICTION AND VENUE

14. The Court has diversity jurisdiction over this case pursuant to 28 U.S. § 1332. The Plaintiff's sole member is a citizen of Texas and resident of Bexar County, Texas, whereas the Defendants are each citizens of California or New Jersey. Further, the amount in controversy exceeds $75,000 because Coffeezilla has expended more than $75,000 in attorneys fees as a result of the Defendants' breaches.

15. This Court has personal jurisdiction over the Defendants because they purposefully availed themselves of the privileges of conducting business in Texas. Specifically, UA and Gelineau entered into an arrangement where UA and Gelineau would procure specific insurance coverage for Coffeezilla, which they knew to be a Texas-based business. The relationship was long-term, spreading out over the course of several years, and multiple policies, claims, and premium payments. Further, UA and Gelineau knew the coverage would apply in Texas, the policy would be issued in Texas, premiums would be paid on the policy from Texas, and that their commissions would be paid on the premiums paid from Texas. Additionally, Gelineau communicated with Coffeezilla through email and telephone knowing the communications were directed to Texas, where Coffeezilla and its agents were located. And when the Paul lawsuit was filed in Texas, Gelineau submitted the claim to the carrier on behalf of Coffeezilla.

16. New York Marine and CoAction sold insurance policies in Texas with the understanding that those policies would cover Texas residents and be subject to Texas' laws. In fact, the insurance policy at issue even suggested that Coffeezilla contact the Texas Department of Insurance with certain issues related to the policy. As such, New York Marine and CoAction have purposefully availed themselves of the laws of Texas.

17. Venue is proper in the Western District of Texas under 28 U.S. § 1391(b)(2) because the Plaintiff is a citizen of the Western District of Texas, the insurance policy in question

was issued in the Western District of Texas, and the lawsuit giving rise to the liability for non-coverage was filed in the Western District of Texas, in San Antonio, Texas.

## BACKGROUND

### I. Stephen Findeisen creates a media business focused on exposing scams.

18. Stephen Findeisen created Coffee Break Productions LLC in February 2019.

19. Coffee Break Productions LLC is a media company that exposes scams. The company reports on social media under the moniker, Coffeezilla.

20. To date, Coffeezilla has over 4.5 million subscribers on YouTube.

21. Because Coffeezilla reports on scams and critically reports on a variety of subjects, Findeisen sought to obtain insurance coverage in the event a subject of its reporting chose to respond with a lawsuit.

### II. Coffeezilla hires United Agencies, Inc. and Luke Gelineau to procure insurance coverage for defamation claims.

22. In 2019, Coffeezilla hired a brokerage to help procure specialty insurance.

23. Coffeezilla hired United Agencies, Inc. and its broker, Luke Gelineau because they held themselves out as holding specific expertise in the entertainment industry and would have good insight into the types of coverage needed for Coffeezilla's needs.

24. Coffeezilla also made clear to United Agencies, Inc., and Gelineau that it specifically wanted insurance in case it was sued over its reporting.

25. United Agencies, Inc., and Gelineau successfully procured Errors and Omissions coverage from Chubb. Coffeezilla later made a claim on the policy arising from a threatened defamation claim, and Chubb accepted coverage as expected.

26. Years later in May 2022, Chubb chose not to renew the policy:

E&O Renewal OPERATIONS ×

Luke Gelineau <luke@ua-insurance.com> Wed, May 11, 2022, 5:35 PM
to me

Jordan,

You might have already received this notice, but your current E&O policy with Chubb is being non-renewed. This just means we'll have to get your coverage elsewhere, so please fill out the attached application and return it to me now that we're 60 days out from the expiration date.

Thank you!

Luke Gelineau

United Agencies Inc.
INSURANCE

LUKE GELINEAU
Entertainment Insurance



luke@ua-insurance.com

p: 818.295.2266
p: 800.800.5880
f: 877.901.5522

100 N. 1st St., Ste. 301
Burbank, CA 91502
CA Lic. # 0252636

GET A QUOTE | IMDb | WRITE A TESTIMONIAL | REFER A FRIEND |

27. Coffeezilla believed that United Agencies, Inc., and Gelineau, would get to work procuring a new policy with the same coverage.

## III. United Agencies, Inc. and Gelineau procure coverage from Lloyd's but they omit the one risk that Coffeezilla explicitly requested be covered.

28. United Agencies, Inc. and Gelineau asked Coffeezilla to fill out an application with information to submit to prospective carriers. The materials asked if a claim had been made in the past related to the type of coverage being sought. And Coffeezilla correctly reported that it had:

**CapMedia and Entertainment Application**

**V. CURRENT / PRIOR COVERAGE**

5.1 Prior Professional Liability/Professional Services/Privacy and Network Security Insurance for the last three years:

| Coverage Type | Policy Period | Carrier | Limits | Deductible | Premium | Claims-Made or Occurrence |
|---|---|---|---|---|---|---|
| PRODUCERS LIABILITY COVERAGE | 7/11/2021-7/11/2022 | CHUBB | 1,000,000 | 10,000 | $5418 | NO |
| PRODUCERS LIABILITY COVERAGE | 7/11/2020-7/11/2021 | CHUBB | 1,000,000 | 10,000 | $5418 | NO |
| PRODUCERS LIBAILITY COVERAGE | 7/11/2019-7/11/2020 | CHUBB | 1,000,000 | 10,000 | $5418 | 1 |

5.2 Is any extended reporting period currently in force? ☐ Yes ☒ No

If Yes, provide the duration, expiration date and coverage type of the extended reporting period:

5.3 Has Applicant ever applied for Professional Liability or any similar type of insurance and been denied, cancelled or non-renewed? If Yes, please explain in a separate attachment (Applicants located in the State of Missouri need not reply to this question). ☒ Yes ☐ No

**VI. CLAIMS AND POTENTIAL CLAIMS INFORMATION**

**Please respond to the following questions to the best of your knowledge and belief, after conducting due diligence and inquiry with <u>any</u> individuals who may have knowledge or information about the matters described below.**

The term "Applicant" as used below, means any proposed insured, including any individual or entity for whom coverage is sought.

6.1 During the past five (5) years, has any claim, suit, proceeding, investigation or demand been made or initiated against the Applicant or against any entity or individual proposed for coverage, in way relating to the proposed insurance or any similar prior policy of professional liability insurance? ☒ Yes ☐ No

29. Between the application disclosing litigation "relating to the proposed insurance or any similar prior policy," the nature of Coffeezilla's reporting, and Coffeezilla's explicit requests for defamation coverage, United Agencies, Inc. and Gelineau knew that Coffeezilla sought defamation coverage.

30. And Gelineau confirmed it in email:

Registered: E&O Renewal App OPERATIONS ×

L Luke Gelineau <luke@ua-insurance.com> Fri, Jun 24, 2022, 4:27 PM
to me

Images are not displayed. Display images below - Always display images from luke@ua-insurance.com

REGISTERED EMAIL™ | ENCRYPTED TRANSMISSION

You have received an encrypted email from **Luke Gelineau**. To reply to this message encrypted, please click here.

Jordan,

Sorry I'm getting back to you a little late in the timeline here, as your policy with us is set to expire in a couple weeks on 7/11/22. Please fill out the attached app and return it to me ASAP so I can try to get you a renewal quote with similar coverages, limits, and premiums as last year. The market is a little tougher this year than it was in 2021, and we've received more declinations than before, so please get this to me as soon as you can so we can hopefully get you the best price possible.

Thank you!

Luke Gelineau

31. In July 2022, United Agencies, Inc. and Gelineau appeared to have procured the defamation insurance Coffeezilla sought:

> Renewal Quote OPERATIONS ×
>
> Luke Gelineau <luke@ua-insurance.com> Jul 21, 2022, 11:29 AM
> to me
>
> Jordan,
>
> Good news! I got a quote and I've attached it here for your review. The premium is about a 35% increase from what you paid last year, but that didn't seem that bad to me considering how many markets will declining us.
>
> The total price after all taxes and fees would be $7,502.14. Please make a payment in this amount to our agency ASAP so we can get this bound before your extension expires on 7/25.
>
> Thank you!
>
> Luke Gelineau

32. Gelineau also procured coverage for Coffeezilla through a general liability policy through CoAction. Coverage was ultimately bound on both.

33. The 2022 Lloyd's placement was not a routine renewal. Chubb had non-renewed Coffeezilla's policy, so United Agencies, Inc. and Gelineau placed the risk with a new carrier, on a new application, at a premium roughly 35% higher than the year before. Yet Gelineau told Coffeezilla he was seeking "a renewal quote with similar coverages, limits, and premiums as last year." Replacing coverage with a new carrier's form is exactly when a reasonably prudent broker must compare the coverage being bound with the coverage being replaced.

## IV. <u>Logan Paul sues Coffeezilla for defamation.</u>

34. From December 2022 to January 2024, Coffeezilla published reporting about CryptoZoo, a project associated with Logan Paul.

35. Paul filed a defamation suit against Coffeezilla in the Western District of Texas on June 27, 2024.

36. Coffeezilla tendered the claims to its insurer Lloyd's. But unfortunately, Lloyd's denied coverage citing an exclusion that purportedly applies to defamation claims.

37. In other words, the one risk that Coffeezilla explicitly sought coverage for was excluded.

38. On July 3, 2024, six days after Paul filed suit and after Coffeezilla's media carrier first raised a defamation exclusion, Findeisen called Gelineau to find out how that had happened. On that phone call, Gelineau said:

A. "I've never heard of a defamation exclusion on a policy like this. . . . [T]hat's kind of one of the main things that is usually covered by these kinds of policies."

B. "I don't remember any discussion about that. If there were, we would have had to check that with you guys . . . . So usually this has to be kind of cleared by us and by you guys."

C. "[I]t's possible that it's an exclusion listed amongst a hundred other exclusions. . . . [W]e don't go through every single line . . . . We don't usually do that, especially on renewing policies. . . . [W]e don't feel like we need to go in usually and say, oh, do you have the exact coverage and everything?"

39. Gelineau also made several surprising admissions:

A. Gelineau stated that he was "as confused as you are about the lack of coverage for this;"

B. Gelineau then deflected on underwriting stating that "it's usually their job to weed [major exclusions] out or at least notify us about them before we bind coverage;" and

C. Gelineau even admitted that "[w]hen we received the policy we usually do a cursory review of the policy…but we don't have the ability or time to go through each page of the policy to make sure all of the proper coverages are there."

## V. <u>New York Marine fails to provide a defense or timely coverage determination.</u>

40. New York Marine issued commercial general liability insurance policies to Coffeezilla, including Policy Nos. PK202200025928, PK202300025928, and PK202400025928 (collectively, the "Policies").

41. The Policies describe Coffeezilla's business as "Webisodes, Documentary" and provide coverage for certain "personal and advertising injury" claims, including claims involving

libel or slander, subject to the Policies' terms and exclusions. The Policies also impose a duty on New York Marine to defend suits seeking damages for covered personal and advertising injuries.

42. As described above, Logan Paul sued Coffeezilla for defamation based on statements made in Coffeezilla's reporting. The lawsuit alleges injuries arising from publications made during the applicable policy periods.

43. Like it did with Lloyd's, Coffeezilla submitted the Paul lawsuit for coverage under the Policies and requested that New York Marine and CoAction provide a defense.

44. Despite receiving the claim, New York Marine failed to undertake Coffeezilla's defense or pay its defense costs. Coffeezilla was therefore required to finance its defense of the Paul litigation.

45. New York Marine also failed to communicate a timely coverage determination. More than two years after Coffeezilla submitted its claim, New York Marine has not provided a formal coverage decision explaining whether it would defend Coffeezilla under the Policies, much less whether they would cover the loss.

46. As a result of New York Marine's failure to provide a defense, Coffeezilla has incurred substantial legal expenses defending the Paul litigation, including the expenses described above.

47. The Paul lawsuit resolved in July 2026.

## CAUSES OF ACTION

### I. Negligence, Negligent Supervision, and Negligent Misrepresentation

48. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

49. Coffeezilla is a media company that reports on scams.

50. Coffeezilla hired United Agencies, Inc. and Luke Gelineau to procure insurance that would cover defamation or similar claims arising from its reporting.

51. United Agencies, Inc. and Luke Gelineau are insurance brokers.

52. United Agencies, Inc. and Luke Gelineau held themselves out as experts in entertainment and media insurance.

53. United Agencies, Inc. and Luke Gelineau owed Coffeezilla duties to:

A. Procure the coverage that Coffeezilla requested, or if unable to do so, to notify Coffeezilla that it can't;

B. Keep Coffeezilla informed about its coverage so that it can remain safely insured;

C. Explain the terms and coverages of any insurance procured for Coffeezilla so that it understands what coverage it has, and does not have;

D. Review policies procured for Coffeezilla carefully to ensure that the insurance coverage obtained is consistent with the coverage requested.

54. Here United Agencies, Inc. and Luke Gelineau breached each of these duties to Coffeezilla.

55. First, if New York Marine and CoAction deny coverage or defense, United Agencies, Inc. and Luke Gelineau failed to procure the coverage that Coffeezilla explicitly requested for defamation and similar claims arising from its reporting. United Agencies, Inc., and Gelineau knew that Coffeezilla sought defamation coverage; indeed, Gelineau would not have been "as confused as" Coffeezilla unless he knew that defamation coverage was sought.

56. Second, United Agencies, Inc. and Luke Gelineau failed to keep Coffeezilla informed about its coverage so that it could remain safely covered for the risks it identified for itself. They never told Coffeezilla that it wasn't covered for defamation or similar claims arising from its reporting under the Lloyd's policy. And they didn't do it because they were completely unaware. In fact, Gelineau deflected onto underwriting, admitting that he and United Agencies, Inc., relied upon underwriting to keep them abreast of policy terms. Gelineau himself

acknowledged on the July 3, 2024 phone call that a new defamation exclusion "would have had to" be cleared with Coffeezilla, yet he did not "remember any discussion about that."

57. Third, United Agencies, Inc. and Luke Gelineau failed to explain the terms and coverages for the Lloyd's policy to Coffeezilla. How could they, because they did not even understand that the Lloyd's policy excluded defamation and similar claims. But to be clear, United Agencies, Inc. and Luke Gelineau did not just fail to explain the terms, they misrepresented that the terms covered defamation. We know that because they wrongly believed that the policy terms were identical to the previously bound Chubb policy and expressly represented to Coffeezilla that they were materially the same.

58. And fourth, United Agencies, Inc. and Luke Gelineau failed to carefully review the Lloyd's policy to ensure that coverage was consistent with Coffeezilla's requests. And the reason why is simple. They never even read it. In fact, all they ever did was give a "cursory review of the policy to make sure that the major information is correct (dates, price, address, etc.)…" Unbelievably, Gelineau stated that he and United Agencies, Inc., didn't "have the ability or time to go through each page of the policy to make sure all of the proper coverages are there." But that is exactly what the law requires.

59. United Agencies, Inc. and Luke Gelineau acted with gross neglect and in wanton disregard for the rights of Coffeezilla.

60. To the extent United Agencies, Inc. fails to take responsibility for Luke Gelineau's mistakes, United Agencies, Inc. woefully failed to supervise him in his work as insurance broker to Coffeezilla. And Luke Gelineau acted within the course and scope of his responsibilities for United Agencies, Inc., therefore United Agencies, Inc. is liable for both actual and punitive damages under the doctrine of respondeat superior.

61. If New York Marine and CoAction deny coverage or defense, then as a direct and proximate result of these acts of misconduct, Coffeezilla has sustained damages in attorney's fees paid to defend itself in the Paul litigation.

62. Moreover, United Agencies, Inc. and Luke Gelineau's misconduct rises to the level of gross negligence, entitling Coffeezilla to an award of punitive damages.

**II. Chapter 541, Texas Insurance Code**

63. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

64. Coffeezilla seeks all relief afforded by Chapter 541 of the Texas Insurance Code, including actual damages, statutory punitive damages, disgorgement and attorneys' fees, either conjunctively or alternatively.

65. United Agencies, Inc. and Luke Gelineau failed to disclose that they had never read the Lloyd's or New York Marine and CoAction policies before procuring them for Coffeezilla. Indeed, they never read them until after Coffeezilla's claim was denied by Lloyd's and while New York Marine and CoAction have idly made no decision on coverage or defense.

66. United Agencies, Inc. and Luke Gelineau exaggerated their experience and expertise in addition to the quality and nature of the policies to Coffeezilla.

67. United Agencies, Inc. and Luke Gelineau's misconduct violated Texas Insurance Code section 541.051 by causing to be made or circulated statements misrepresenting the terms, benefits, or advantages of the policies to Coffeezilla by sending emails and other written and oral communications to Coffeezilla that the insurance being procured would cover defamation or similar claims.

68. United Agencies, Inc. and Luke Gelineau's misconduct violated Texas Insurance Code section 541.061 by failing to disclose the Lloyd's policy did not cover defamation or similar

claims, and in fact representing that the Lloyd's policy did in fact cover defamation and similar claims. The same is true for the New York Marine and CoAction policies if they ultimately deny.

69. Coffeezilla seeks all actual damages for out-of-pocket legal expenses paid as a result of being denied coverage in the Paul cause, plus court costs and reasonable and necessary attorney's fees.

**III. Breach of Fiduciary Duty**

70. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

71. United Agencies, Inc. and Luke Gelineau held themselves out to be experts in entertainment and media insurance.

72. Coffeezilla relied on United Agencies, Inc. and Luke Gelineau's representation as experts in the media and entertainment insurance field that held specialized knowledge about Coffeezilla's business which is primarily reporting on scams.

73. Coffeezilla consequently relied upon United Agencies, Inc. and Luke Gelineau to procure insurance that would protect against defamation or similar claims.

74. United Agencies, Inc. and Luke Gelineau owed Coffeezilla a fiduciary duty of disclosure over their expertise, that the policies they procured did not cover defamation or similar claims as was required by Coffeezilla, and that they did not read the insurance policies.

75. Because United Agencies, Inc. and Luke Gelineau breached their fiduciary duties, Coffeezilla has incurred damages defending itself in the Paul litigation. In fact, Coffeezilla has incurred legal fees as a result of the Paul litigation through the resolution of the Paul litigation in July 2026.

76. Coffeezilla seeks all actual damages for out-of-pocket legal expenses paid as a result of being denied coverage in the Paul case, plus court costs and reasonable and necessary attorney's fees.

**IV. Breach of Contract—New York Marine and General Insurance Company and CoAction Specialty Insurance Group**

77. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

78. The Policies issued by New York Marine and CoAction constitute valid and enforceable insurance contracts between New York Marine, CoAction, and Coffeezilla.

79. Coffeezilla performed its obligations under the policies, including submitting the Paul litigation for coverage.

80. The Paul lawsuit alleges defamation arising from Coffeezilla's reporting activities during the applicable policy periods. These allegations trigger New York Marine's and CoAction’s duties to defend under the policies.

81. New York Marine and CoAction breached the Policies by failing to provide Coffeezilla with a defense in the Paul litigation, failing to pay defense expenses for which it was contractually responsible, and failing to accept coverage of the loss.

82. As a direct result of New York Marine's and CoAction’s breaches, Coffeezilla has suffered damages, including attorney's fees and costs incurred defending the Paul litigation, and seeks recovery of all damages and other relief available under the policies and applicable law.

**V. Unfair Insurance Practices—Chapter 541, Texas Insurance Code**

83. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

84. New York Marine and CoAction were obligated to handle Coffeezilla's insurance claim fairly and in accordance with the requirements of the Texas Insurance Code.

85. Coffeezilla timely sought coverage for the Paul litigation under the Policies. Despite receiving the claim, New York Marine and CoAction failed to affirm or deny coverage within a reasonable time. In fact, they still haven’t to date.

86. New York Marine's and CoAction's prolonged failure to communicate a coverage determination constitutes an unfair insurance practice under Texas Insurance Code § 541.060(a)(4).

87. Throughout the extended period without a coverage determination, Coffeezilla continued to incur substantial legal expenses defending the Paul litigation without the defense benefits it sought under the Policies.

88. New York Marine's and CoAction's conduct caused Coffeezilla damages for which it seeks recovery under Chapter 541 of the Texas Insurance Code, including actual damages, reasonable and necessary attorney's fees, and additional statutory damages to the extent supported by the evidence.

## VI. Prompt Payment of Claims—Chapter 542, Texas Insurance Code

89. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

90. Coffeezilla seeks all relief afforded by Subchapter B of Chapter 542 of the Texas Insurance Code, including the amount of its claim, statutory interest at the rate of 18 percent a year, and attorney's fees.

91. Coffeezilla's request that New York Marine and CoAction defend it in the Paul litigation and pay its defense costs is a "claim" under Subchapter B of Chapter 542. An insurer that wrongfully refuses to defend its insured is liable for the damages that subchapter provides.

92. Coffeezilla submitted the Paul lawsuit to New York Marine and CoAction for coverage on in late 2024.

93. New York Marine and CoAction violated Chapter 542 by:

A. Failing to notify Coffeezilla in writing that they accepted or rejected the claim within the time required by Texas Insurance Code section 542.056(a);

B. Failing to state the reasons for any rejection of the claim, as required by section 542.056(c);

C. Failing to notify Coffeezilla that they needed additional time to decide the claim and why, and failing to accept or reject the claim within 45 days after that, as required by section 542.056(d); and

D. Delaying payment of the claim for more than 60 days after receiving all items, statements, and forms reasonably requested and required, in violation of section 542.058(a).

94. To date, more than two years after Coffeezilla submitted its claim, New York Marine and CoAction have not accepted or rejected Coffeezilla's claim in writing, and they have not paid any of Coffeezilla's defense costs.

95. Because New York Marine and CoAction are liable for Coffeezilla's claim and failed to comply with Chapter 542, Coffeezilla is entitled under Texas Insurance Code section 542.060(a) to the amount of the claim, interest on that amount at the rate of 18 percent a year as damages, and reasonable and necessary attorney's fees.

## VII. Declaratory Relief

96. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

97. Coffeezilla has a valid contract for insurance with New York Marine and CoAction.

98. Under the terms of the Policies, New York Marine and CoAction are required to defend and indemnify Coffeezilla for covered actions.

99. The Paul lawsuit is a covered action.

100. Accordingly, Coffeezilla is entitled to a declaratory judgment that the Paul lawsuit is a covered action entitling it to defense and indemnity from New York Marine and CoAction.

## VIII. Texas Deceptive Trade Practices Act and Violations of the Texas Insurance Code

101. Coffeezilla incorporates by reference the allegations of the preceding paragraphs.

102. Coffeezilla is a consumer.

103. Under Chapter 541 of the Texas Insurance Code, insurers, agents, brokers, and adjusters are barred from falsely describing the terms, benefits, dividends, or financial condition of an insurance policy. Texas Insurance Code section 542.051(1)-(5).

104. Under Chapter 541 of the Texas Insurance Code, insurers, agents, brokers, and adjusters are also barred from misrepresenting material facts or policy provisions relating to a coverage at issue, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim, failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim, or affirm or deny coverage of a claim to a policyholder, among other statutory requirements. Texas Insurance Code section 542.060 (1)-(9).

105. Here, UA, Gelineau, New York Marine, and CoAction have all falsely described the terms and benefits of Coffeezilla's insurance coverages as set forth throughout this Complaint.

106. New York Marine and CoAction have also utterly failed to effectuate a prompt, fair, and equitable settlement of a claim, or even to notify Coffeezilla of its coverage decision.

107. UA, Gelineau, New York Marine, and CoAction's actions here were all made knowingly.

108. As a result of these knowing actions, Coffeezilla has been damaged as a result of expenses defending itself in the Paul lawsuit against all Defendants.

109. Because these knowing actions also violate the Texas Insurance Code, the Texas Deceptive Trade Practices Act is likewise applicable to these actions. Texas Bus. & Com. Code 17.50(4).

110. Coffeezilla is entitled to all available damages, including treble and/or exemplary damages, and attorney's fees and costs.

## CONDITIONS PRECEDENT

111. All conditions precedent to Coffeezilla's claims for relief have been performed or have occurred or have been waived.

## TRIAL BY JURY

112. Coffeezilla respectfully requests a trial by jury.

## CONCLUSION AND PRAYER

For these reasons, Coffeezilla respectfully requests that the Court award it:

i. Actual, direct, unjust-enrichment, indirect, special, incidental, and consequential damages, together with pre-and post-judgment interest, which encompasses both the insurance coverage contemplated, plus additional damages as a result of the failure to procure it;

ii. Statutory interest at the rate of 18 percent a year on the amount of Coffeezilla's claim under Texas Insurance Code section 542.060;

iii. Reasonable attorney's fees, expenses, court fees, and associated costs;

iv. Exemplary and/or punitive damages;

All such other relief to which Coffeezilla is entitled in equity or law.

Dated: October 27, 2026

Respectfully submitted

LAWSON & MOSHENBERG PLLC

By: ______________________

Nicholas R. Lawson
Texas Bar No. 24083367
2301 Commerce St., Suite 200
Houston, Texas 77002
P: 903-316-9155
E: Nick.Lawson@lmbusinesslaw.com

***Attorney for Coffee Break Productions LLC d/b/a Coffeezilla***