UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **COFFEE BREAK PRODUCTIONS LLC d/b/a COFFEEZILLA**<br><br>**Plaintiff**<br><br>**v.**<br><br>**UNITED AGENCIES, INC., LUKE GELINEAU, NEW YORK MARINE AND GENERAL INSURANCE COMPANY, AND COACTION SPECIALTY INSURANCE GROUP**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 5:26-CV-06906-JKP-KGS-** |

**<u>NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW Defendant New York Marine and General Insurance Company ("Defendant" or "New York Marine") and files its Answer to Plaintiff Coffee Break Productions LLC d/b/a Coffeezilla's ("Plaintiff" or "Coffeezilla") Complaint and shows the Court as follows:

## INTRODUCTION

1. Defendant admits this case involves a coverage dispute.

2. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 2.

3. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 3

4. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 4.

5. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 5.

6. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 6.

7. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 7.

8. Defendant lacks sufficient information to form a belief regarding the legal fees Coffeezilla allegedly incurred. Defendant denies that CoAction had any duty to perform with respect to such alleged legal fees, or that its actions or inactions affected the fees Plaintiff allegedly incurred.

**PARTIES**

9. Upon information and belief, Defendant admits the allegations in paragraph 9.

10. Upon information and belief, Defendant admits the allegations in paragraph 10.

11. Defendant does not have sufficient information to form a belief about the truth of the allegations in paragraph 11. It is Defendant's understanding that Luke Gelineau waived service of process.

12. Defendant admits that it is domiciled in the State of New York with its principal office in New Jersey, and is therefore a citizen of both New York and New Jersey. Defendant has been served with process. Defendant admits that it issued insurance policies to Plaintiff. Defendant denies all other and remaining allegations in paragraph 12.

13. Defendant admits that CoAction is domiciled in New Jersey with principal offices in New Jersey and is therefore a citizen of New Jersey. Defendant denies all other and remaining allegations in paragraph 13.

## JURISDICTION AND VENUE

14. Admit only that the Court has diversity jurisdiction.

15. Admit only that the Court has personal jurisdiction over Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 15.

16. New York Marine admits it sold policies in Texas and the policies speak for themselves. New York Marine denies the remaining allegations in paragraph 16.

17. New York Marine admits venue is proper. New York Marine denies the remaining allegations in paragraph 17.

## BACKGROUND

### I. Stephen Findeisen creates a media business focused on exposing scams.

18. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 18.

19. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 19.

20. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 20.

21. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 21.

## II. Coffeezilla hires United Agencies, Inc. and Luke Gelineau to procure insurance coverage for defamation claims.

22. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 22.

23. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 23.

24. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 24.

25. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 25.

26. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 26.

27. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 27.

## III. United Agencies, Inc. and Gelineau procure coverage from Lloyd's but they omit the one risk that Coffeezilla explicitly requested be covered.

28. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 28.

29. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 29.

30. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 30.

31. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 33.

**IV. Logan Paul sues Coffeezilla for defamation.**

34. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 34.

35. Defendant admits Paul filed suit against Coffeezilla in the Western District of Texas on June 27, 2024 asserting claims for libel per se. Defendant denies the remaining allegations in paragraph 35.

36. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 36.

37. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 37.

38. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 38 and its subparts A, B, and C.

39. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 39 and its subparts A, B, and C.

**V. New York Marine fails to provide a defense or timely coverage determination.**

40. New York Marine admits the allegations in paragraph 40.

41. Defendant admits the allegations in paragraph 41.

42. Defendant admits Logan Paul sued Coffeezilla for libel per se arising out of activities occurring during the applicable policy periods. Defendant denies the remainder of the allegations in paragraph 42. The Complaint filed against Coffeezilla speaks for itself.

43. Defendant admits United Agencies put New York Marine on notice of the Paul lawsuit and counsel forwarded the Paul lawsuit to New York Marine.

44. Defendant admits that it did not "undertake" Coffeezilla's defense. Defendant denies the remaining allegations in paragraph 44.

45. New York Marine denies the allegations in paragraph 45.

46. New York Marine denies the allegations in paragraph 46.

47. Upon information and belief, Defendant admits the Paul lawsuit resolved in July 2026.

## CAUSES OF ACTION

### I. Negligence, Negligent Supervision, and Negligent Misrepresentation

48. Defendant does not admit or deny the allegations in paragraph 48 because they do not require a response.

49. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 49.

50. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 50.

51. Defendant admits the allegation in paragraph 51.

52. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 52.

53. Defendant is not required to admit or deny the allegations in paragraph 53 and subparts A, B, C, and D because they are conclusions of law regarding co-defendants' duties to Plaintiff.

54. Defendant is not required to admit or deny the allegations in paragraph 54 because they are legal conclusions.

55. Defendant is not required to admit or deny the allegations in paragraph 55 because they are conclusions of law. To the extent Defendant is required to respond, Defendant lacks sufficient knowledge to form a belief regarding what "Coffeezilla explicitly requested for defamation and similar claims arising from its reporting," or that United Agencies, Inc., and Gelineau knew that Coffeezilla sought defamation coverage.

56. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 56.

57. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 57.

58. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 58.

59. Defendant is not required to admit or deny the allegations in paragraph 59 because they are conclusions of law and are not directed to Defendant.

60. Defendant is not required to admit or deny the allegations in paragraph 60 because they are conclusions of law and are not directed to Defendant.

61. Defendant is not required to admit or deny the allegations in paragraph 61 because they are conclusions of law and are not directed to Defendant.

62. Defendant is not required to admit or deny the allegations in paragraph 62 because they are conclusions of law and are not directed to Defendant.

## II. Chapter 541, Texas Insurance Code

63. Defendant does not admit or deny the statement in paragraph 63 because it does not require a response.

64. To the extent the allegations are directed to Defendant, Defendant denies that Coffeezilla is entitled to relief under Chapter 541 of the Texas Insurance Code.

65. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 65 directed to United Agencies and Gelineau. Defendant denies the remaining allegations in paragraph 65.

66. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 66.

67. Defendant is not required to admit or deny the allegations in paragraph 67 because they are conclusions of law and not directed to Defendant.

68. Defendant is not required to admit or deny the statements in paragraph 68 because they are conclusions of law and not directed to Defendant.

69. Defendant is not required to admit or deny the statements in paragraph 69 because they are conclusions of law and are not directed to Defendant.

## III. Breach of Fiduciary Duty

70. Defendant does not admit or deny the allegations in paragraph 70 because they do not require a response.

71. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 71.

72. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 72.

73. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 73.

74. Defendant lacks sufficient knowledge to form a belief about the truth of the allegations in paragraph 74 and they are not directed to Defendant.

75. Defendant does not admit or deny that United Agencies, Inc. and Luke Gelineau breached their fiduciary duties as that is a conclusion of law. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 75.

76. Defendant does not admit or deny the allegations in paragraph 76 because they do not require a response and are not directed to Defendant.

**IV. Breach of Contract—New York Marine and General Insurance Company and CoAction Specialty Insurance Group**

77. Defendant does not admit or deny the allegations in paragraph 77 because they do not require a response.

78. Defendant denies the allegations of paragraph 78 as worded. CoAction did not issue policies to Plaintiff.

79. Deny.

80. Admit only the Paul lawsuit asserts claims for libel per se. Defendant denies the remaining allegations in paragraph 80.

81. Deny.

82. Deny.

83. Deny.

**V. Unfair Insurance Practices—Chapter 541, Texas Insurance Code**

84. Defendant does not admit or deny the statement in paragraph 84 because it does not require a response.

85. Deny that CoAction had any obligation to Plaintiff as it did not issue a policy to Plaintiff. Further, the allegations in paragraph 85 are conclusions of law.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

**VI. Prompt Payment of Claims—Chapter 542, Texas Insurance Code**

90. Defendant does not admit or deny the statement in paragraph 90 because it does not require a response.

91. Defendant denies Plaintiff is entitled to damages under Subchapter B of Chapter 542 of the Texas Insurance Code.

92. Admit notice of the claim was submitted in 2024.

93. Deny the allegations in paragraph 93 and its subparts A, B, C. and D.

94. Admit Defendant has not paid Coffeezilla's defense costs as they have not been tendered to Defendant. Deny the remaining allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

**VII. Declaratory Relief**

96. Defendant does not admit or deny the statement in paragraph 96 because it does not require a response.

97. Defendant denies that Coffeezilla has a valid contract for insurance with CoAction.

98. Deny.

99. Deny

100. Deny.

**VIII. Texas Deceptive Trade Practices Act and Violations of the Texas Insurance Code**

101. Defendant does not admit or deny the statement in paragraph 101 because it does not require a response.

102. Defendant is unable to admit or deny the statement in paragraph 102 as it is vague. Accordingly, Defendant denies the statement in paragraph 102.

103. Defendant is not required to admit or deny the statements in paragraph 103 because they are conclusions of law.

104. Defendant is not required to admit or deny the statements in paragraph 104 because they are conclusions of law.

105. With respect to claims directed to New York Marine and CoAction, deny.

106. Deny.

107. With respect to claims directed to New York Marine and CoAction, deny.

108. With respect to claims directed to New York Marine and CoAction, deny.

109. With respect to claims directed to New York Marine and CoAction, deny.

110. Defendant denies Coffeezilla is entitled to the relief it requests.

**CONDITIONS PRECEDENT**

111. Defendant denies that all conditions precedent to Coffeezilla's claims for relief have been performed or have occurred or have been waived.

**TRIAL BY JURY**

112. Defendant does not admit or deny the statement in paragraph 112 as it does not require a response.

**CONCLUSION AND PRAYER**

Defendant denies that Plaintiff is entitled to the relief requested in the Conclusion and Prayer.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Without waiving the foregoing, Defendant asserts the following affirmative defenses:

1. Defendant denies that required conditions precedent were performed and/or occurred. Plaintiff did not provide all statements and items required to pay its claim for defense costs under section 542 of the Texas Insurance Code.

2. Plaintiff failed to provide statutory notice under section 541.154 of the Texas Insurance Code and section 17.505 of the Texas Business and Commerce Code prior to filing this lawsuit. As such, the lawsuit is subject to abatement.

3. Plaintiff fails to state a claim for which relief may be granted.

4. No defense duty was owed under the policies issued by New York Marine.

5. Plaintiff's claim under section 542 of the Texas Insurance Code is not ripe.

6. Plaintiff has suffered no independent injury recoverable under the Texas Insurance Code, nor does Plaintiff identify any statutory violation resulting in damage to Plaintiff.

7. Plaintiff cannot maintain a claim for failure to effectuate a prompt and fair settlement of the claim as Plaintiff has no damages related to settlement of the Paul lawsuit. By its own admission, Plaintiff paid nothing to settle the Paul lawsuit.

8. Plaintiff's alleged damages are the result of a superseding or intervening cause or event over which New York Marine had no control.

9. Plaintiff cannot maintain a claim under the DTPA or the Texas Insurance Code for alleged "false representation" of the insurance coverage. Plaintiff fails to identify any misrepresentation made by New York Marine upon which it relied to its detriment.

10. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and laches.

11. Plaintiff failed to mitigate its damages, and thus Plaintiff's damages are lower than Plaintiff claims.

12. Plaintiff's claims may be barred by the applicable statutes of limitations.

13. New York Marine issued policy numbers PK202200025928, effective July 25, 2022 – July 25, 2023, PK202300025928, effective July 25, 2023 – July 25, 2024, and PK202400025928. Defendant invokes the terms, conditions, and limitations contained in policies. Initially, the claims asserted in the Paul lawsuit potentially invoke Coverage B:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section **III** -- Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments -- Coverages **A** and **B.**

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Coverage for Paul's claims is, however, precluded by policy exclusions as follows

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

* * *

**EXCLUSION – PERSONAL AND ADVERTISING INJURY LIABILITY - ENTERTAINMENT INDUSTRY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This policy does not apply to:

"Personal and advertising Injury" arising out of the development, creation, pre-production, production, postproduction, distribution, exploitation, writing, broadcasting, airing, performing or exhibition of films, television/cable programs, radio programs, stage plays, video/audio cassettes, music, sheet music, computer programs, books or other similar materials, and properties; or to any advertising or broadcasting activities.

14. As to Plaintiff's claims for punitive or exemplary damages, an award of such damages in this case will contravene and violate the Excessive Fines Clause of the Eighth

Amendment of the Constitution of the United States; §1 of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of the laws; Article 1, §3 of the Texas Constitution, which guarantees equal protection of the law; and Article 1 §10 of the Texas Constitution, which guarantees due process. Defendant also invokes its rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively plead that the Plaintiff's pleading for gross negligence, punitive and/or exemplary damages is violative of the Fourteenth Amendment. Defendant alternatively pleads all caps on punitive damages including, but not limited to TEX. CIV. PRAC. & REM. §§41.005, 41.007 and 1.008.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays Plaintiff take NOTHING by reason of this suit and for all further relief to which Defendant may be justly entitled.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*<u>/ s / Linda S. Ressetar</u>*
LINDA S. RESSETAR
Texas Bar No.: 24033250
2100 Ross Avenue, Ste. 2000
Dallas, Texas 75201
Telephone: (214) 722-7100
Facsimile: (214) 722-7111
Linda.Ressetar@lewisbrisbois.com

ATTORNEYS FOR DEFENDANTS,
NEW YORK MARINE AND GENERAL
INSURANCE COMPANY and
COACTION SPECIALTY INSURANCE GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on the following counsel via e-mail and the Court's ECF system on November 19, 2026, pursuant to the Federal Rules of Civil Procedure.

Nicholas R. Lawson
Lawson and Moshenberg
2301 Commerce Street, Suite 200
Houston, TX 77002
(903) 316-9155
nick.lawson@lmbusinesslaw.com

*/s/ Linda S. Ressetar*
Linda S. Ressetar